STATE OF MAINE

KNOX, ss.

STATE OF MAINE
Knox. S.S., Clerks Office
SUPERIOR COURT

JUN 13 2005

RECEIVED AND FILED

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-004

JEFFREY SIMPSON,

Petitioner

v.

DECISION AND ORDER

MAINE DEPARTMENT
OF CORRECTIONS, *et al.*,

Respondents

This matter is before the court on petition for review of final agency action.[1]

In his petition, the movant seeks review under M.R. Civ. P. 80C. He further makes claim for relief under the federal Civil Rights Act, 42 U.S.C. § 1983 *et seq.* On June 1, 2004, the respondents moved to dismiss the independent action inasmuch as the petition does not provide separate counts for each claim in his independent action as required by M.R. Civ. P. 80C(i). The petitioner has not filed a motion requesting the court to specify the future course of proceedings and that motion must be granted. Inasmuch as the petitioner has not prosecuted his disagreement with the decision to place him in administrative segregation or to retain him in administrative segregation before this court, the court deems those issues are waived.

The petitioner, in his petition, alleges that while an inmate at the Maine State Prison, the respondents violated his rights and the law during both his administrative segregation review board hearing and also his disciplinary hearing on relevant punitive charges. He charges the Prison failed to make an independent determination of the

---

[1] Petitioner filed a petition with the court on February 13, 2004. He filed a second petition on April 26, 2004, a third petition on May 3, 2004, and an amended petition filed June 15, 2004. The petitioner advised the court that he wished to proceed on the petition of May 3, 2004, which had actually been served on the respondents.

reliability of confidential information used as a basis to have the petitioner placed in administrative segregation, and that false inculpatory reports and statements were introduced in his administrative segregation hearing and his disciplinary hearing. He alleges his disciplinary hearing was continued for 32 days and should not have occurred inasmuch as departmental policy 20.1 bars any continuance beyond 30 days. Finally, he argues that he was denied the right to question a corrections sergeant who was not present at the hearing and who filed the alleged false reports being relied on by the hearing officer. He further argues that the same sergeant destroyed a letter alleged to contain threats to the victim of the attempted assault.

In his brief, the petitioner confines his argument to an allegation that the respondent violated Policy 20.1 Procedure B-12(b), page 6, and that as a result, his disciplinary hearing was time barred. Further, he asserts under the circumstances the hearing officer lacked jurisdiction to proceed. Secondly, he argues that he was denied the right to cross-examine a witness via the phone. Allegedly this is the victim and complaining witness who was also an inmate of the institution. Finally, petitioner argues that there is no documentation of a cost assessment of the damage to the mirror, an element on which he was ordered to make restitution to the respondents.

The disciplinary hearing was held on March 15, 2004. This was a continued hearing from an initial hearing date of February 12, 2004. By the numbers, it is a continuance of 32 days. Policy #20.1 Prison Discipline, under Chapter 20 Prisoner Disciplinary Policy, contains a provision in paragraph 12 titled "Disciplinary Hearing." Subparagraph (b) is titled "Continuance."

> Either before or during a hearing, the disciplinary hearing officer may continue the hearing for good cause shown, but in no case may a continuance be for more than 30 additional days...

The respondent first points out to the court that 30 days after February 12, 2004, was March 13, 2004, a Saturday. Utilizing the standard of the courts, a deadline of Saturday, Sunday or legal holiday is not counted. The last day is the next business day. Secondly, the respondents argue that Prisoner Disciplinary Policy 20.1 in paragraph 5 titled "Dismissal" states, "A disciplinary report may be dismissed if the facts as described in their disciplinary report do not constitute a violation or if the required procedure was not followed by a staff involved in the disciplinary process unless the discrepancy from the required procedure is minor and technical in nature only." The court agrees with the State that the two-day differential is minor and technical only.

Petitioner claims that he requested a phone call be made to the victim of the alleged assault who was placed in protective custody. He also claims that it was the petitioner who made the attempt to assault him and the disciplinary hearing officer considered a false report of that statement. The petitioner is attacking the contradiction between the two statements but he admits, in the "Statement of Facts" portion of his petition that the victim approached the corrections sergeant and told him that the plaintiff was the individual who had attempted to assault him and that the plaintiff had destroyed the mirror. Further, during the proceedings, the petitioner has admitted that "something" happened but has refused to elaborate because of the possibility of criminal charges.

The record indicates the petitioner did not opt to call any witnesses to his disciplinary hearing. Therefore, utilizing the standard found in Prisoner Disciplinary Policy 20.1 Procedure B, ¶ 12, "A finding of guilt must be based on a determination that is more probable than not that the prisoner committed the violation," his inability to cross-examine the victim is without prejudice as the probative fact that the victim made such an accusation has not been denied.

As part of the disciplinary decision, the petitioner was ordered to provide restitution to the respondent in the amount of $450 as replacement cost for a mirror that was in the recreation area, including labor for installation. Petitioner argues that there is no evidence of that amount other than the investigator reporting that the recreation supervisor made the statement that the replacement cost of the mirror would be $450, including labor. It is respondent's position that is sufficient. The court disagrees. While restitution is imposed as part of a disciplinary procedure, it is more in the nature of a civil claim enforced through the disciplinary process. As such, clearly the prisoner is entitled to more than the bald statement by an employee as to the cost of restoration to be assessed against a prisoner. The Prisoner Disciplinary Policy provides certain fundamental due process rights to the prisoner, including the right to a hearing, to be present at that hearing, to have the assistance of a counsel substitute, to call witnesses and present evidence. There are certain limitations consistent with the setting within a confinement facility and therefore certain rights may only be exercised with the permission of the disciplinary hearing officer.

20.1 Prisoner Discipline, Procedure B (12)(c) mandates: "A finding of guilt or innocence must rest solely upon evidence produced at the hearing, including, but not limited to, the incident report, the investigative report, other exhibits and the testimony of witnesses." The recreation director was not a witness and there is no evidence that any exhibit was offered to support the restitution amount.

The entry will be:

The decision of the Chief Administrative Officer dated March 24, 2004, in the matter of Jeffrey Simpson MDOC #25945, Disciplinary Case No. MSP C 04-020 is AFFIRMED IN PART; the assessment of $450 in restitution is REVERSED.

Dated: June___9___, 2005

Donald H. Marden
Justice, Superior Court

Date Filed __2/13/04__ __Knox__ Docket No. __AP-04-004__
County

Action __80C Appeal__

|  |  |
|---|---|
| JEFFREY E. SIMPSON | MAINE DEPARTMENT OF CORRECTIONS, RANDY THOMAS, C.O. PLESSNER, JEFFREY D. MERRILL, N. RILEY, CPT. R. PEASE, STG. A. MENDEZ, vs. SGT. ROBERTS, C.W. SEMPLE AND C.O. HARTLEY |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Pro Se Maine State Prison 807 Cushing Rd Warren ME 04864 | Diane Sleek, Esq. Assistant Attorney General 6 State House Station Augusta ME 04333 |

| Date of Entry | |
|---|---|
| 2/20/04 | On 2/13/04, 80C Appeal, Summary sheet, and Application to Proceed Without Payment of Fees; Certificate from the Maine State Prison and Trust Account Statement filed by Jeffrey Simpson. |
| 2/25/04 | Order Granting Leave to Proceed in Forma Pauperis filed: The court finds that the complaint is not frivolous and the applicant is proceeding in good faith. As to the issued of whether the applicant is without sufficient funds to pay certain fees or cost, the following shall be the order: The application to proceed in forma pauperis is granted and prepayment of the full amount of the filing fee is waived. An initial partial filing fee is hereby assessed in the amount of $0.38. Subsequent payments of 20% of the plaintiff's prior monthly income shall be forwarded to the Court by the institution each time the amount in the prisoner's account exceeds $10.00 until such time as the entire fee of $120.00 has been paid. Now, therefore, the plaintiff shall notify the Court no later than March 25, 2004, whether he intends to incur the cost of the filing fee and proceed with this action or whether he intends to forgo this litigation at this time. Should the plaintiff fail to so notify the Court, this matter shall be dismissed for lack of prosecution. The plaintiff is hereby put on notice that if he chooses to proceed with this action, he will be responsible |